IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 12 C 4001 |
| ) | |
| LAVOYCE BILLINGSLEY ) | Judge Virginia M. Kendall |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner LaVoyce Billingsley filed this *pro se* Motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Billingsley's motion is based on a claim of ineffective assistance of counsel before trial, at trial, and on appeal. For the reasons set forth below, the Court dismisses Billingsley's Motion.

**BACKGROUND**

On February 1, 2007, Billingsley and two co-defendants were charged in an indictment on four counts: (1) conspiracy to possess with intent to distribute a controlled substance, namely, in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; (2) attempted possession of a controlled substance, namely, in excess of 5 kilograms of cocaine, in violation of 21 U.S.C. § 846; (3) carrying and possessing a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and (4) possession of a firearm after previously being convicted of a felony 18 U.S.C. § 922(g)(1).

On June 26, 2009, a jury convicted Billingsely of Counts One, Three and Four and acquitted him of Count Two of the indictment. On January 20, 2010, this Court sentenced Billingsley to 100

months imprisonment each on Counts One and Three, to run concurrently; and 60 months imprisonment on Count Four, to run consecutively to the sentence on Counts One and Three. On April 6, 2011, the Seventh Circuit denied Billingsley's appeal and affirmed the judgment and sentence of this Court.

On May 22, 2012, Billingsley filed the instant Motion to vacate his conviction and correct his sentence. He alleges that his attorneys were ineffective in preparing and executing his defense. In support of his position, Billingsley identifies eight separate grounds in which he contends this ineffective assistance of counsel occurred.[1] These are:

1. Counsel was ineffective for failing to move the Court for dismissal of the indictment, prior to trial, because the government committed misconduct in testifying falsely before the grand jury on material facts;

2. Counsel was ineffective for failing to object to and/or appeal the Court's order separating Billingsley from his co-conspirators and by prohibiting communications between them;

3. Counsel was ineffective for failing to object to and/or appeal this Court's order that the Government did not need to produce a recording device that malfunctioned during a conversation between Billingsley and an undercover ATF agent;

4. Counsel was ineffective for failing to adequately introduce evidence to the jury showing that Billingsley was engaged in a telephone call at the time of his arrest, which would have purportedly refuted the allegation that Billingsley possessed a firearm at the time of the arrest;

5. Counsel was ineffective for failing to move the Court to instruct the jury that a defendant cannot be guilty of conspiracy if they conspired with a government agent;

6. Counsel was ineffective for failing to request an "all or nothing" jury instruction;

---

[1]When Billingsley filed his motion, the Court set a briefing schedule. The government filed a response brief in accordance with the schedule; however, Billingsley never filed a reply brief. Billingsley also did not attach any exhibits to his motion.

7. Counsel was ineffective for failing to object to this Court's decision to make an upward variance from the United States Sentencing Guideline range without first affording Billingsley notice that the Court was considering making this variance; and

8. Counsel was ineffective for failing to properly convey the government's plea offer to Billingsley during the course of plea negotiations.

## **LEGAL STANDARD**

Under 28 U.S.C. § 2255 "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States...may move the court which imposed the sentence to vacate, set aside or correct the sentence." The relief sought in a § 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Thus, relief should be granted "only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotations and citations omitted). Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts* provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

**DISCUSSION**

To prevail on a claim of ineffective assistance of counsel, Billingsley must establish that he was prejudiced as a result of his counsel's alleged deficiencies under the two-prong test set forth in *Strickland v. Washington,* 466 U.S. 668 (1984). *See McDowell v. Kingston,* 497 F.3d 757, 761 (7th Cir. 2007) (citing *Strickland,* 466 U.S. at 694). The burden of proof on a defendant asserting an ineffective assistance of counsel claim is a heavy one. *See Harris v. Reed,* 894 F.2d 871, 874 (7th Cir. 1990). "The benchmark for judging any claim to ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686.

Under *Strickland,* the moving party must prove: (1) that his attorney's performance fell below an objective standard of reasonableness; and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *McDowell,* 497 F.3d at 761. If the Court finds either the performance prong or the prejudice prong of the *Strickland* test to be lacking, then there is no need to consider the other prong and the petition fails as a matter of law. *See United States v. Slaughter,* 900 F.2d 1119, 1124 (7th Cir. 1990). "A defendant's failure to satisfy either prong is fatal to his claim." *Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir. 1993). In this case, Billingsley's motion fails on both prongs.

**I.   The Failure to Move to Dismiss the Indictment Does Not Establish Ineffective Assistance of Counsel**

Billingsley's first contention is that his counsel was ineffective because he failed to move this Court to dismiss the indictment. Billingsley contends the indictment was procured fraudulently because a government agent testified in front of the grand jury that there was an audio recording of

4

Billingsley's agreement to enter into the conspiracy when, in fact, there was not. Billingsley further asserts that the agent's testimony was the sole reason the grand jury indicted Billingsley.

"A district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States,* 487 U.S. 250, 254 (1988). "'[P]rejudice' occurs when the alleged violation had a substantial effect on the grand jury's decision to indict or when it was quite doubtful that the decision to indict was free from that violation's considerable influence." *United States v. Brooks,* 125 F.3d 484, 497-98 (7th Cir. 1997) (citing *United States v. Anderson,* 61 F.3d 1290, 1296 (7th Cir. 1995)).

In this case, there is no basis to believe that the inaccurate testimony prejudiced Billingsley in front of the grand jury. No evidence supports Billingsley's assertion that the grand jury relied on this testimony in charging him. Indeed, even without this testimony, the grand jury would have likely indicted Billingsley because he already confessed to the crimes for which he was indicted. As a result, Billingsley's counsel was reasonable in deciding not to move to dismiss the indictment on this basis. Such a motion would have been meritless. Accordingly, this ground provides no basis to vacate Billingsley's sentence under *Strickland.*

## II. The Failure to Object to the Purported Separation Order Does Not Establish Ineffectiveness of Counsel

Billingsley also contends that his counsel was ineffective because he failed to object or appeal the entry of an order that separated Billingsley from his co-defendants. First, there is no evidence that such an order was entered. It was not entered by this Court and Billingsley has not

5

presented any evidence that the Bureau of Prisons ever made such an order.[2] Accordingly, there is no basis to find ineffective assistance of counsel on this ground.

Even if a separation order had been entered, there is still no basis to award Billingsley relief. Billingsley failed to articulate any reason for why this order violated his Fifth or Sixth Amendment rights. He makes the conclusory assertion that the separation order affected his ability to prepare his defense but failed to provide specific reasons for how it affected his defense. Indeed, he failed to present any support for his assertion that a separation order was improper. As a result, Billingsley has not established that there is a reasonable probability that, but for counsel's failure to challenge the separation order, the result of the proceeding would have been different so as to establish the prejudice prong under *Strickland.*

### III. The Failure to Appeal this Court's Ruling on an Evidentiary Privilege is Insufficient to Establish Ineffectiveness of Counsel

Billingsley's third contention is that his appellate counsel was ineffective because he failed to appeal this Court's ruling that the government was not required to tender its recording device due to the investigative privilege.[3] Appellate counsel is deemed ineffective only if he or she fails to raise appellate issues that are: (1) obvious; and (2) clearly stronger than the ones raised. *See Kelly v. United States,* 29 F.3d 1107, 1112 (7th Cir. 1994). "In the context of an appeal, counsel need not raise every conceivable argument that is supported by the record." *Hollenback v. United States,* 987 F.2d 1272, 1275 (7th Cir. 1993).

---

[2]Billingsley contends that this order was entered pursuant to 28 C.F.R. § 524.72(f). 28 C.F.R. § 524 lists the categories of classification for inmates who present special needs for management under the Bureau of Prisons's Central Inmate Management System.

[3]Billingsley also appears to assert that his trial counsel was ineffective because he failed to move this Court to sanction its order for an interlocutory appeal of this issue. However, litigants have no right to an interlocutory appeal of a court's privilege ruling. *See Mowhawk Industries v. Carpenter,* 130 S. Ct. 599 (2009); *Reise v. Bd. of Regents,* 957 F.2d 293, 295 (7th Cir. 1992).

In this case, the Court found that the investigatory privilege applied to the government's recording device. After performing an *in camera* inspection of the device, the Court found that there was no evidence on the device that was sufficient to overcome the assertion of the privilege. The Seventh Circuit reviews a district court's decision on the applicability of the investigatory privilege under an abuse of discretion standard. *See Dellwood Farms v. Cargill, Inc.,* 128 F.3d 1122, 1125 (7th Cir. 1997). However, the Seventh Circuit has also found that there should be a strong presumption against lifting the privilege. *See id.* Thus, there was a low likelihood that an appeal on this issue would have been successful. Accordingly, the Court finds that this issue is not sufficiently stronger than the appellate issues that were raised so as to raise the possibility that counsel was ineffective.

**IV. The Failure to Introduce Evidence that Billingsley was Engaged in a Telephone Call at the Time of his Arrest Does Not Establish Ineffectiveness of Counsel**

Billingsley's next contention is that his counsel was ineffective because he failed to subpoena telephone records, which would have shown that Billingsley was on the phone at the time of his arrest. According to Billingsley, this evidence would have led the jury to conclude that Billingsley threw a phone, and not a gun, under his car. To show prejudice from an alleged failure to investigate under *Strickland,* Billingsley must show with specificity what the investigation would have revealed and how it would have altered the outcome of the proceedings. *United States ex rel. Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir. 1987) ("When the allegation of the ineffectiveness of counsel centers on a supposed failure to investigate, we cannot see how...the petitioner's obligation can be met without a comprehensive showing as to what the investigation would have produced."); *see also Granada v. United States,* 51 F.3d 82, 85 (7th Cir. 1995). In addition, the prejudice based on a failure to investigate, "must be considered in light of the strength

7

of the government's case." *Rios v. Rocha,* 299 F.3d 796, 808-09 (9th Cir. 2002) (internal citations and quotations omitted).

In this case, Billingsley failed to show how the purported fact that he was on the phone at the time of his arrest made it less likely that he possessed the firearm recovered from under his vehicle. The undercover agent testified that Billingsley showed him the firearm before they traveled to the stash house. The undercover agent testified that Billingsley refused to relinquish his firearm before traveling to the stash house. Law enforcement found a .40 caliber Smith & Wesson underneath Billingsley's car at the time they arrested him. The government recovered two boxes partially filled with .40 caliber ammunition from Billingsley's car. Accordingly, regardless of whether Billingsley was able to prove that he was using his cellphone at the time of his arrest, this fact would have not have altered the outcome. Namely, the overwhelming evidence shows that the .40 caliber Smith & Wesson recovered from underneath Billingsley's car was, in fact, Billingsley's. Thus, counsel's failure to subpoena evidence to prove that Billingsley was on a cellphone at the time of his arrest did not prejudice Billingsley or affect his case in any manner.

**V.     The Failure to Move this Court to Give a Jury Instruction that One Cannot Conspire with a Government Agent and/or a Government Informant Does Not Establish Ineffectiveness of Counsel**

Billingsley's next ground is that his counsel was ineffective by failing to request a jury instruction that one cannot conspire with a government agent and/or a government informant. However, the evidence at trial showed that Billingsly conspired with his co-defendants, not with a government agent. For example, Billingsley admitted in his post-arrest statement that he learned about the conspiracy from his co-defendants. Specifically, Billingsley admitted that he discussed the planned drug robbery with his co-defendant, Scott Lewis, two-days before the arrest. At this

8

time, Billingsley agreed to act as a driver for the robbery. In addition, Billingsley's phone records demonstrated that he had been in contact with his co-defendants about the robbery, not the government agent. Given that evidence, any request for a government agent conspiracy instruction would have been futile. *See United States v. Payne,* 226 F.3d 792, 794 (7th Cir. 2000) (defendant is entitled to jury instruction only if, among other things, "defendant's theory is support by the evidence" and "failure to include the instruction...would deny [defendant a fair trial"). Accordingly, this ground does not provide a basis for an ineffective assistance claim. *See, e.g., Ellis v. United States,* No. 03 C 4367, 2003 WL 22326585, *6 (N.D. Ill. Oct. 10, 2003) (holding there was no basis for an ineffective assistance of counsel claim for failure to request a government agent jury instruction when government presented sufficient evidence that defendant conspired with co-defendants).

**VI.    The Failure to Request an "All or Nothing" Jury Instruction Does Not Establish Ineffectiveness of Counsel**

Similarly, Billingsley contends that his counsel rendered ineffective assistance because he did not request an "all or nothing" jury instruction. Specifically, Billingsley argues that because he was charged with conspiring to distribute more than five kilograms of cocaine, the jury could only convict him if it found he conspired to distribute more than five kilograms, not if it found he conspired to distribute less. There is no support for Billingsley's theory. To sustain a conviction for conspiracy under 21 U.S.C. § 846, the government must prove beyond a reasonable doubt that Billingsley agreed with at least one other individual to commit an unlawful act - - here, to rob a drug stash house - - and that Billingsley knowingly and intentionally joined the agreement. *See United States v. Duran,* 407 F.3d 828, 835 (7th Cir. 2005) (citing *United States v. Thornton,* 197 F.3d 241, 254 (7th Cir. 1999)). The government does not need to prove the exact drug quantity charged in

9

order to secure a proper conviction. *See United States v. Garcia,* 580 F.3d 528, 535 (7th Cir. 2009); *United States v. Martinez,* 518 F.3d 505, 509 (7th Cir. 2008) (holding that drug quantity is not an element of a crime defined by 21 U.S.C. § 846); *United States v. Carrera,* 259 F.3d 818, 830 (7th Cir. 2001) (jury is not required to find that any specific quantity of drugs is involved before it may properly find a § 846 violation); *cf Payne,* 226 F.3d at 795 (holding that a proposed instruction that would require the jury to acquit if it found that the conspiracy proven varied from the conspiracy charged in the indictment was an incorrect statement of the law.). Accordingly, the difference between the indictment and the jury's verdict with respect to the amount of drugs for which Billingsley was found responsible does not negate that he is guilty of the conspiracy itself. Thus, Billingsley's counsel was not ineffective in failing to request or an "all-or-nothing" jury instruction.

The reason that specific amounts were submitted to the jury was for sentencing purposes. Under the Supreme Court's decision in *Apprendi v. New Jersey,* "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi v. New Jersey,* 530 U.S. 466, 490 (2000). Therefore, while Billingsley could have been convicted under § 846 without a finding of any specific amount, he could not have been sentenced above the statutory maximum unless a specific amount was submitted to the jury. Since Billingsley was sentenced in accordance with the jury's finding on the amount, and was in fact sentenced below the statutory maximum, this ground provides no basis to vacate Billingsley's sentence.[4]

---

[4] Billingsley also contends that his counsel was ineffective because he did not request an option of a "detectable amount" on the special verdict form. However, Billingsley presented no evidence to suggest that the jury would have found a detectable amount compared to what they did find: a measurable amount, but less than 500 grams. Accordingly, Billingsley failed to establish the prejudice prong on this claim.

## VII. The Court Did Not Violate Federal Rule of Criminal Procedure 32(h) in Sentencing Billingsley

Billingsley also argues that his sentence should be vacated because this Court violated Fed. R. Crim. P. 32(h) by making an upward departure from the sentencing guidelines without first providing him notice that the Court intended to do so. Federal Rule of Criminal Procedure 32(h) provides that: "Notice of Possible Departure from Sentencing Guidelines: Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." However, the government had advocated for an upward variance in its sentencing submission based on the application of the factors set forth in 18 U.S.C. § 3553, such as the seriousness of the offense, the defendant's criminal history and the defendant's characteristics. The Court relied on these grounds in reaching its sentence. Accordingly, the Court did not violate Rule 32(h). *See Irizarry v. United States,* 553 U.S. 708, 714 (2008) (holding that Rule 32(h) "does not apply to 18 U.S.C. § 3553 variances by its terms"); *United States v. Walker,* 447 F.3d 999, 1007 (7th Cir. 2006) (holding that Rule 32(h) does not apply when a district court exercises its discretion and makes an upward variance based on factors specified in § 3553(a).). Thus, Billingsley's seventh ground provides no basis to vacate his sentence.[5]

## VIII. The Government Never Offered Billingsley a Plea Agreement

The final ground upon which Billingsley's motion is based is an assertion that his counsel was ineffective because he never advised his client that the government offered a sentence of 5 years if Billingsley pled guilty. However, there is no evidence that the government ever made such an

---

[5] Billingsley also makes the conclusory statement that his counsel was ineffective in appealing this issue. Since Rule 32(h) was inapplicable, there was nothing for Billingsley's counsel to appeal.

offer. Indeed, the government flatly denies this assertion. Since Billingsly has not presented any evidence to establish the existence of such an offer, this ground cannot provide Billingsly with any relief.

## IX. Billingsley Is Not Entitled to an Evidentiary Hearing

A petitioner is not entitled to an evidentiary hearing on the merits of a § 2255 motion if "it plainly appears form the motion, any attached exhibits, and the record of prior proceedings that moving party is not entitled to relief." Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.* In this case, it plainly appears from Billingsley's petition and the record of the prior proceedings that Billingsley is not entitled to relief. Therefore, the Court need not conduct a hearing on Billingsley's § 2255 petition. *See Lafuente v. United States,* 617 F.3d 944, 946 (7th Cir. 2010) (citing 28 U.S.C. § 2255(b)); *Cooper v. United States,* 378 F.3d 638, 641-42 (7th Cir. 2004)).

## X. Billingsley Is Not Entitled to a Certificate of Appealability

Unless this Court issues a certificate of appealability, an appeal may not be taken to the United States Court of Appeals from this Court's judgment in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c); *see also Buie v. McAdory,* 322 F.3d 980, 981 (7th Cir. 2003). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Gonzalez v. Thaler,* 132 S. Ct. 641, 649 n.5 (2012). A substantial showing of the denial of a constitutional right requires the petitioner to show that reasonable jurists could find room to debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to entitle the petitioner to

proceed further with his claims. *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

Because Billingsley's ineffective assistance claim is denied on the merits, to obtain a certificate of appealability Billingsley must demonstrate that reasonable jurists would find this Court's assessment of the constitutional claims either debatable or wrong. *See Miller-El v. Cockrell,* 537 U.S. 322, 338 (2003) (*quoting Slack*, 529 U.S. at 484). Billingsley has not made such a showing here, and the Court concludes that reasonable jurists could not find room to debate its ruling on the constitutional merits of Billingsley's ineffective assistance of counsel claim. Thus, because Billingsley has failed to make a substantial showing of the denial of a constitutional right this Court must therefore deny Billingsley a certificate of appealability for the claims raised in his § 2255 Motion. See 28 U.S.C. § 2253(c)(2); *see also Gonzalez*, 132 S.Ct. at 649 n.5. The decision of whether or not to grant a certificate of appealability is a screening device used to conserve judicial resources and prevent the Courts of Appeals from being overly burdened with unmeritorious petitions to vacate, set aside, or correct a sentence pursuant to § 2255. *See Young v. United States,* 124 F.3d 794, 799 (7th Cir. 1997). Therefore this Court will not issue a certificate of appealability.

## **CONCLUSION**

Billingsley's Motion for relief pursuant to 28 U.S.C. § 2255 is denied and he is denied a certificate of appealability.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 12/27/2012